IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JENNIFER SCOTT CALLAWAY, as parent and next friend of D.C., a minor child,<br><br>Plaintiff,<br><br>v.<br><br>INDEPENDENT SCHOOL DISTRICT NO. 1 OF OKMULGEE COUNTY a/k/a OKMULGEE PUBLIC SCHOOLS, a Political Subdivision of the State of Oklahoma, et al.,<br><br>Defendants. | Case No. CIV-21-51-SLP |

## O R D E R

Before the Court is Plaintiff's Motion for Leave to Conduct Discovery [Doc. No. 24]. It is at issue. *See* Defs.' Resp. [Doc. No. 26]; Pl.'s Reply [Doc. No. 27].

Plaintiff attempted to schedule a Federal Rule of Civil Procedure 26(f) conference with Defendants, but they refused because of their pending motions to dismiss [Doc. Nos. 13-14]. Plaintiff argues that Defendants' attempt to stay discovery is improper and prejudices Plaintiff's interest in an expeditious resolution of her case. Defendants assert that their motions to dismiss raise jurisdictional and immunity defenses that warrant delaying discovery in this case. According to Defendants, premature discovery would be prejudicial because it would subject them to potentially unnecessary costs and expenses. And Defendants argue that it is appropriate to confer under Rule 26(f) upon a court order setting a scheduling conference (which the Court has not issued).

Under Rule 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." According to Rule 26(f),

> [e]xcept in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable--and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b).

Rule 16(b)(2) requires the court to "issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared."

Courts in this circuit generally require a movant seeking expedited discovery before a Rule 26(f) conference to show good cause. *See, e.g., Sunstate Equip. Co., LLC. v. Equip. Share*, No. 2:19-CV-784 HCN, 2020 WL 429479, at *2 (D. Utah Jan. 28, 2020); *Stout v. Okla. ex rel. Okla. Highway Patrol*, No. 13-CV-753-WPJ, 2015 WL 127820, at *6 (W.D. Okla. Jan. 6, 2015); *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003). The District of Colorado has explained:

> The good cause standard may be satisfied where a party seeks a preliminary injunction . . . or where the moving party has asserted claims of infringement and unfair competition. . . . Expedited discovery may also be appropriate in cases where physical evidence may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the litigation. . . . However, in every case, the court has the discretion, in the interests of justice, to prevent excessive or burdensome discovery.

*Qwest Commc'ns Int'l*, 213 F.R.D. at 419.  In the context of motions to stay discovery, courts consider the following factors:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

The Court does not find good cause to warrant early discovery in these circumstances due to the pending motions to dismiss.[1]  Although the Court makes no judgment on the merits of Defendants' pending motions to dismiss at this moment, the Court acknowledges that the resolution of those motions could dramatically narrow the claims and/or parties that proceed in this litigation.  *See Goode v. Gaia, Inc.*, No. 20-CV-00742-DDD-KLM, 2021 WL 3812167, at *2 (D. Colo. Apr. 26, 2021) (staying discovery pending the resolution of dispositive motions and noting, "determining whether all, some, or no claims will proceed will streamline (or eliminate) the discovery process and any potential accompanying discovery disputes.").  Allowing discovery before those motions are decided could result in potentially unnecessary costs and effort and could result in

---

[1] The Court likewise finds that under Rule 16(b)(2) there *is* good cause to delay the issue of a scheduling order in this case due to Defendants' pending motions to dismiss.  *See Custard v. Balsick*, No. 15-CV-2221-REB-CBS, 2017 WL 131799, at *4 n.5 (D. Colo. Jan. 13, 2017) (finding good cause under Rule 16(b)(2) to delay the scheduling order pending a motion to dismiss); *Wada v. U.S. Secret Serv.*, 525 F. Supp. 2d 1, 11 (D.D.C. 2007) (granting motion to stay discovery and holding that the "[p]laintiff's efforts to pursue written discovery in this action are premature" because the court had not held a scheduling conference in light of the pending motions to dismiss); *see also Chesser v. Dir. Fed. Bureau of Prisons*, No. 15-CV-01939-NYW, 2016 WL 1170448, at *6 (D. Colo. Mar. 25, 2016) (applying the *String Cheese Incident* factors in determining good cause under Rule 16(b)(2)).

inconvenience to the Court and third parties from whom discovery may be sought. *See Chavous v. D.C. Fin. Resp. & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" (quoting *Coastal States Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979))). Further, although Plaintiff asserts a general argument that discovery could possibly be lost due to the passage of time, Plaintiff does not specify what kind of discovery she seeks. *See also Qwest Commc'ns Int'l*, 213 F.R.D. at 420 ("under Rule 26(d), the court should consider the scope of the requested discovery."). The other relevant considerations outweigh Plaintiff's interest in these circumstances. Thus, it is appropriate to delay discovery until after the Court rules on Defendants' motions to dismiss.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to Conduct Discovery [Doc. No. 24] is DENIED.

IT IS SO ORDERED this 10th day of September, 2021.

*[signature]*
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE